# THE PENNSYLVANIA COMPANY AND THE UNION STOCK YARDS & TRANSIT COMPANY

## v.

## EDWIN H. ELLETT, ADMINISTRATOR.

*Railroads—Negligence—Crossings — Personal Injuries — Pleading — Defect in—Verdict—Evidence.*

1. The fact that the trains of a railroad company have for several years been daily run over the track of another company, is *prima facie* evidence of a contract between such companies to that end; and in case the company owning such track takes the ground that the company so using it is a trespasser, the burden of proof is upon it to show that such was the case.

2. In an action brought by an administrator for the recovery of damages for the death of a third person, alleged to have been occasioned by the negligence of railroad companies, this court holds that the fault of the declaration involved was cured by the verdict, and declines to interfere with the judgment in behalf of the plaintiff.

[Opinion filed January 22, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Mr. GEORGE WILLARD, for appellant Pennsylvania Company.

Messrs. IRUS COY and R. P. HOLLETT, for appellant Union Stock Yards and Transit Company.

Messrs. WILLETT & JOHNSON, for appellee.

GARNETT, J.  This is an action on the case to recover damages for the negligence of appellants in causing the death of William R. Walkup.

The occurrence was in the town of Lake, in Cook county, on the crossing of Exchange avenue over the railroad tracks belonging to the Union Stock Yards and Transit Co., immediately in front of the entrance gates to the stock yards, where from 5,000 to 10,000 people pass over the tracks daily.  At that point the Transit Company has four separate railroad tracks running parallel, north and south, each of which is separated from the other by a space of only a few feet.  About four o'clock in the afternoon of February 14, 1887, Walkup, with a number of other persons, came from the stock yards gates toward the tracks with a view of cross'ng on Exchange avenue, but they were all stopped by a freight train then going north on the third track from the west.  While waiting for the freight train to pass, he stood with a companion, one Trout, on the south side of Exchange avenue near the passing train.  When the last car had passed, all the persons waiting moved forward to cross the tracks; Walkup was in the lead and Trout close to him, and in that order they reached the east track.  As soon as Walkup was on that track he discovered a train backing southward thereon, which was running about seven miles an hour.  He attempted to make his escape, but was knocked down by the train, three trucks of one of the cars passing over his body and killing him instantly.  Trout not being so far east as Walkup, drew back in time to avoid injury.  There was a verdict and judgment in appellee's favor for $4,500.  To support a motion in arrest of judgment counsel for the Transit Company say that it is not alleged in either count of the declaration that the train of the Pennsylvania Company was on the track where Walkup was killed, by contract, express or implied, with the Transit Company, or even by its knowledge or consent, and that for aught contained in the declaration, the train may have been there by means of a trespass of its owner.  But the first count of the declaration alleges that the Transit Company owned the track, and that the Pennsylvania Company had control thereof, and was negli-

280 APPELLATE COURTS OF ILLINOIS.

VOL. 35.] Penn. Co. & Union Stock Yards, etc., Co. v. Ellett.

gently backing its train over the same. Now the question arises, is the fault of the declaration cured by the verdict? In 1 Chitty's Pleading, 673, the author says: "The second mode by which defects in pleading may be, in cases, aided, is by *intendment after verdict.* The doctrine upon this subject is founded on the *common law,* and is independent of any statutory enactments. The general principle upon which it depends, appears to be that where there is any defect, imperfection or omission, in any pleading, whether in *substance or form,* which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission, is *cured by the verdict.*" Considering the declaration entirely separate from the bill of exceptions, we are inclined to think the averment in question is, in its most unfavorable aspect, within the class described by Mr. Chitty. Nor would it be far from plausible to say that, reasonably construed, it means that the Pennsylvania Company was in *lawful* control of the track. If so, it could only be by virtue of some contract with, or permission of, the Transit Company, which was alleged to be the owner. But admitting the allegation to be defective, we think it cured by the verdict, as the issue necessarily required proof of a contract with the Transit Company, or permission from it to run the Pennsylvania Company's train on the track in question.

It is true the bill of exceptions shows no contract between the companies, except what may be implied from the undisputed facts, that the tracks of the two companies were connected by a Y, and the Pennsylvania Company had been in daily use of the same track for the same purpose for several years before the killing of Walkup. But this was *prima facie* sufficient, and the burden was thereby shifted upon the Transit Company to show that the other company was a trespasser. Both appellants insist that the verdict was manifestly against the weight of the evidence, and to that point we have

devoted earnest attention. That the operation of trains in the manner described in this opinion, over a crossing used as a footpath by thousands of persons during the day, is extremely dangerous to life and limb, can not be denied. The jury, doubtless, took that fact into consideration, together with the other facts and circumstances shown by the evidence, as the failure to have gates erected to prevent persons from going to the tracks while any danger was in sight, the fact that the Pennsylvania train was a regular train passing over the track every afternoon at the same time, the failure of the engineer and the fireman to blow the whistle or ring the bell until the train was almost upon the deceased, and the failure of the flagman to give warning of the approach of the Pennsylvania train until it was too late for Walkup to make his escape. All these facts the jury was warranted by the evidence in believing, and we think the verdict should not be disturbed.

The judgment is affirmed.

*Judgment affirmed.*